IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEPHEN PATRICK HAFFEY,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN MARTIN FRINK;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondent. | CV-12-100-M-DLC-JCL<br><br>ORDER |

FILED

AUG 19 2013

Clerk, U.S District Court
District Of Montana
Missoula

I. **Introduction**

United States Magistrate Judge Jeremiah Lynch issued findings and recommendations on May 20, 2013 recommending Petitioner Stephen Haffey's petition for writ of habeas corpus be denied. (Doc. 17.) Haffey timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). Haffey's petition will be denied and Judge Lynch's findings and recommendations will be adopted in full for the reasons stated herein. The parties are familiar with the procedural

history of this case, so it will only be repeated as necessary for the Court's analysis.

## II. Background

At trial on June 14, 2007 in Missoula County, Haffey was convicted of felony assault with a weapon and driving under the influence ("DUI"). The incident leading up to Haffey's conviction occurred as follows. In the early morning hours of February 27, 2007, a red Honda Civic drove through a crosswalk in downtown Missoula, nearly hitting four pedestrians who yelled at the driver as he sped past. Suddenly the car stopped, reversed, turned around and drove back toward the pedestrians. All but one of the pedestrians moved in time. The vehicle struck Christopher Nyomo, carried him on the vehicle's hood to the next intersection and flung him off the vehicle when the car turned south. Nyomo's blood-alcohol content at the time was 0.271. After regaining consciousness, Nyomo was so combative that emergency services personnel had to restrain him for his own safety and for the safety of others. Nyomo was quickly treated and released from the emergency room. He sustained non life-threatening injuries.

A civilian police department employee and two other witnesses saw the incident. The police department employee reported the incident to police officers and the incident was broadcast over the police radio. An on-duty police officer,

Officer Tucker, had spotted the red Honda Civic running a stop sign near the scene just moments before the incident was broadcast on the police radio. Officer Tucker pulled the Honda over and found Haffey in the driver's seat. The car's windshield was partly smashed and shards of glass littered the dashboard and inside of the car. Blood was found on the steering wheel, on Haffey's jacket, and on an envelope on the floor of the passenger side of the vehicle. Two glass tumblers were also found in the car. After administering field sobriety tests and finding that Haffey's blood-alcohol content was 0.11, Officer Tucker arrested Haffey for DUI.

Haffey called his father from jail shortly after his arrest. During that phone conversation Haffey told his father that a jail official had informed him that he was being charged with DUI and deliberate homicide for hitting and killing a pedestrian with his vehicle. Haffey was misinformed, however, because he later learned that he was being charged with felony assault with a weapon, rather than deliberate homicide.

At trial Haffey's counsel, Public Defender Chris Daly, raised the possibility that someone else could have been driving the vehicle at the time of the incident, but the jury still found that Haffey purposely or knowingly caused bodily injury to Nyomo by using his car as a weapon.

One month after trial, Haffey wrote the trial court alleging ineffective assistance of counsel for Daly's failure to obtain blood testing of the two glasses found in the vehicle and of the blood-stained envelope found on the floor of the vehicle's passenger side. Haffey believed this evidence could show that someone else was driving the vehicle when the incident occurred, while Haffey rode in the passenger seat. Daly claims that Haffey maintained before trial that he did not remember the incident and never mentioned that someone else was in the vehicle, much less identifying the "other driver" specifically. Daly explained why he chose the trial strategy that he did. The Court found Haffey's statements lacked merit and rejected his claims.

Haffey appealed based on his counsel's performance at trial, but the Montana Supreme Court affirmed his conviction. Haffey filed petitions for DNA testing and post-conviction relief in the trial court. Those petitions were denied. Haffey appealed both decisions, but the Montana Supreme Court affirmed the trial court. *Haffey v. State*, 233 P3d 315, 320 ¶ 24 (Mont. 2010).

Haffey filed his federal habeas petition on June 12, 2012, alleging ineffective assistance of counsel, abuse of discretion by the Court, and violation of his right to access legal materials. Judge Lynch recommended denying Haffey's habeas petition on the merits, and Haffey objects to the recommendation.

## III. Analysis

### A. Ineffective Assistance of Counsel

The Court's scrutiny of counsel's performance is highly deferential. To assess attorney performance without the bias of hindsight, the Court evaluates the challenged conduct from counsel's perspective at the time. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To show ineffective assistance of counsel, Haffey must show that counsel acted unreasonably and there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The Court need not address both components of ineffective assistance of counsel if Haffey makes an insufficient showing of one. *Id.* at 697. The Court finds that Haffey's counsel, Christopher Daly, performed reasonably under the circumstances and his performance was not ineffective.

#### 1. Pre-Trial Inquiry Into Conflict with Counsel

Haffey objects to Judge Lynch's finding that Haffey did not adequately inquire into claims of ineffective assistance of counsel before trial began. Haffey contends the trial court violated his Sixth Amendment right to effective counsel by summarily rejecting his request for new appointed counsel without adequately

5

inquiring into the basis of his request.

The Court considers three factors when determining whether substitution of counsel is warranted, including: "1) the timeliness of the substitution motion and the extent of resulting inconvenience or delay; 2) the adequacy of the [ ]court's inquiry into the defendant's complaint; and 3) whether the conflict between the defendant and his attorney was so great that it prevented an adequate defense." *United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010). The Court finds substitution was not warranted here because Haffey never requested new counsel and never articulated a breakdown of communications with his attorney.

Weeks before trial Haffey phoned Daly's boss, Ed Sheehy, to complain about Daly's lack of investigation and inadequate performance. During that conversation, Haffey asked Sheehy to take over his representation. Sheehy declined because trial was just a few weeks away.

Haffey notified the court weeks before trial regarding his conflict with counsel. At a pretrial conference on June 6, 2007, Haffey told the trial court judge he felt he was being inadequately represented by Daly when Daly moved for a continuance to prepare his expert rebuttal witnesses. Haffey objected to the continuance. Daly heeded Haffey's request and moved ahead with trial as scheduled.

Haffey claims he was forced to choose between effective representation and his right to a speedy trial, but he failed to demonstrate that his counsel was ineffective or that his right to a speedy trial was violated. Replacing counsel five days before trial would have delayed Haffey's trial by several months, but that delay would not have crossed the one-year threshold constituting presumptively prejudicial delay. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Haffey alleged no specific facts demonstrating ineffective assistance of counsel and no breakdown in communication. He did not ask for new counsel at that time. Nor did Haffey mention the ineffective assistance of counsel issue after the trial court judge assured him that his demand for a speedy trial would be honored. Haffey gave no reason for the court to inquire further. Accordingly, this Court will deny Haffey's conflict with counsel claim.

### 2. Phone Conversation

Haffey next contends that he was prejudiced by his counsel's acquiescence to the admission of the phone conversation with his father. Haffey maintains the admission constitutes "invited error" in support of his ineffective assistance of counsel claim, because the phone conversation introduced incompatible defense themes and violated Haffey's Fourth Amendment rights. Judge Lynch found counsel did not err by withdrawing his objection to the admission of the phone

conversation. This Court agrees.

When Haffey's counsel originally objected to the evidence as unfairly prejudicial, the trial court sustained the objection. However, the court retracted its ruling after finding that parts of the phone conversation were admissible. Daly did not subsequently object to the admission of part of the phone conversation, because it supported his reasonable doubt defense.

In pertinent part, the conversation admitted into evidence contained Haffey's admission to drinking and hitting a pedestrian with his vehicle. At the time of the conversation with his father, Haffey had been erroneously informed by detention center officers that he was being charged with deliberate homicide. Haffey conversed with his father within that context. Haffey believes his statements during the phone conversation are untrustworthy because he made them while under a false impression of the charges against him. Haffey contends the admission of the statement was highly prejudicial and determinative of the outcome at trial. Haffey argues the admission of the phone conversation contributed to the incompatible defense themes of accident versus the "other driver" theory, confusing the jury.

Judge Lynch found, and this Court agrees, that the phone call was relevant to counsel's reasonable doubt defense. Daly attempted to show that Nyomo's

combativeness and the injuries he sustained after the alleged incident were inconsistent with being struck by the Honda Civic. Daly attempted to use the statement in the phone conversation "[Nyomo] came runnin' out into the street and I couldn't stop in time and I hit him" to show that Nyomo could have drunkenly jumped on Haffey's vehicle and was flung off when the car turned south. That scenario, Daly argued, would be more consistent with Nyomo's minor injuries and his combativeness after the incident. The jury could have inferred this alternative from the circumstances, but chose instead to believe that Haffey intentionally hit Nyomo. The admission of the pertinent part of the jail phone conversation was consistent with counsel's reasonable doubt defense. The Court finds no error on counsel's part by withdrawing his objection to its admission.

Haffey also believes counsel erred by failing to object to the admission of the phone conversation on Fourth Amendment grounds. Haffey argues that he and his father had a reasonable expectation of privacy during their conversation, but that privacy was violated when a recording came on three fourths of the way through the conversation informing them that the call was being monitored and the "calls are monitored" sign on the phone had been scratched out in pencil. Haffey argues that he and his father had a reasonable expectation of privacy for most of their conversation and, without consent and without a warrant, their protection

9

from unreasonable searches and seizures was violated.

Failing to object to the phone call on Fourth Amendment grounds was not error on counsel's part. As Judge Lynch correctly points out, counsel used the phone conversation to support a reasonable doubt theory. This was trial strategy, not error, on counsel's part. The statements made after the call monitoring alert would likely have been admissible under the Fourth Amendment and those statements were far more incriminating than the statements admitted into evidence, because those statements did not suggest that Nyomo ran out into the street. The Court finds counsel did not err by failing to object to the admission of a limited portion of the phone conversation on Fourth Amendment grounds.

### 3. Incompatible Defense Themes

Haffey claims his counsel's presentation of the "other driver" defense coupled with the incompatible accident defense served to prejudice and confuse the jury. Judge Lynch found counsel did not err in this regard and, in fact, counsel was accommodating Haffey's wishes by raising the possibility of another driver. This possibility fit squarely within a reasonable doubt defense.

Counsel thought the most effective trial strategy would be the accident defense, rather than the "other driver" theory, and counsel warned Haffey that those theories were incompatible. Despite counsel's advice, Haffey encouraged

10

Daly to raise the possibility of another driver shortly before trial. Per Haffey's wishes, counsel skillfully alluded to the possibility in trial that another driver could have hit the pedestrian when the incident occurred. This fit into the reasonable doubt theory, because the three minute time gap between police sightings of the Honda could have created reasonable doubt that first, Haffey hit Nyomo with his vehicle and, second, that he did so intentionally.

In another portion of trial, however, counsel did not object to the admission of the phone conversation with Haffey's father in which Haffey admitted to hitting the pedestrian–negating the idea that there was another driver. To present evidence of another driver and the possibility of an accident served only to confuse and prejudice the jury, Haffey maintains.

The Court again points out that Haffey encouraged counsel to use the other driver theory. Following his client's wishes does not constitute error on counsel's part.

### 4. Failure to Admit Evidence

Haffey claims his counsel was deficient for failing to introduce exculpatory evidence and for failure to test DNA evidence found in Haffey's vehicle. Counsel introduced into evidence one photograph of Haffey's bloody hands when he was arrested, which the jury saw during deliberations. Counsel did not introduce into

11

evidence the blood-splattered envelope found on the vehicle's passenger side, the two glass tumblers found in the vehicle, pictures of the car's shattered front passenger side windshield, or the other photographs of Haffey's bloody hands. Relying on *Richter v. Hickman,* 578 F.3d 944, 955 (9th Cir. 2009), Haffey claims that his counsel's failure to show blood evidence to the jury constitutes deficient performance. Haffey believes this evidence could show from which direction the blood came, pointing to the possibility that Haffey was in the passenger seat and not the driver's seat.

In *Richter*, blood splatter evidence was crucial evidence where there were conflicting accounts regarding a series of shootings in a home. DNA testing of the blood and the location of blood in the home were key to determining who the aggressors were at the time of the shooting. The Court found there was no reasonable basis for counsel's failure to investigate and present expert testimony of the blood evidence. *Richter*, 578 F.3d at 953. Haffey, likewise, argues that there was no reasonable basis for counsel not to investigate the blood evidence found in his vehicle, where there was some dispute as to who was driving the vehicle at the time of the incident.

The Court notes, however, that *Richter* was overturned by the United States Supreme Court in *Harrington v. Richter*, 131 S. Ct. 770 (2011). The Supreme

Court found that defense counsel's failure to collect blood evidence did not constitute deficient performance, where a reasonable attorney could have forgone the inquiry into blood evidence given the circumstances. *Harrington*, 131 S.Ct. at 789-90.

Likewise, in Haffey's case failure to admit evidence of three photographs of blood on Haffey's hands, two glass tumblers, and the blood splattered envelope does not constitute deficient performance on counsel's part. Judge Lynch found, and this Court agrees, that there is no reason to believe that if counsel had shown three photographs of Haffey's bloody hands rather than one, and had shown those photographs during trial, Haffey would have been acquitted. The evidence of Haffey's bloody hands would only serve to show that the blood in the vehicle could have been Haffey's. Three photographs would not have proven this point better than one.

Glass was found on the passenger side and blood was also found on an envelope on the passenger's side. This makes it possible that someone was sitting on the passenger side at the time of the accident, as police department crime scene technician Barb Fortunate suggested at trial. Judge Lynch found that DNA results could have some tendency to prove that Haffey was on the passenger side, but that tendency was weak at best. The location of blood in the vehicle does not make it

more or less likely that Haffey was driving the vehicle at the time of the incident. Like in *Harrington*, a reasonable attorney could have foregone the inquiry into blood evidence here. The jury found there was enough circumstantial evidence to determine Haffey was driving the vehicle at the time of the incident. This does not rise to the level of deficient performance on counsel's part.

### 5. Remaining Claims

Haffey argues his counsel was ineffective because he failed to interview defense witnesses before trial. Specifically, Haffey says counsel was unprepared and unaware of which witnesses would show up to testify and what they would testify about. Judge Lynch noted that Haffey urged Daly to move ahead with trial, despite the fact that counsel requested more time to adequately prepare a defense and interview rebuttal witnesses. Daly proceeded with trial at Haffey's request and performed skillfully given the circumstances.

Haffey also claims his counsel erred by not giving an opening statement and by admitting his defense theories were in flux. These allegations do not rise to the level of ineffective assistance of counsel. The Court cannot reasonably say that if only counsel had given an opening statement, the verdict would have been different. Likewise, the Court cannot say that counsel's admission that his defense theory was in flux significantly swayed the jury against Haffey.

### 6. Cumulative Error

Haffey objects to Judge Lynch's finding that Haffey did not identify more than one error on counsel's part, so there was no cumulative error. Haffey objects on the basis that he believes his attorney committed multiple errors and reversal is required when there are accumulated errors. Haffey alleges his counsel was ineffective when he failed to make an opening statement, withdrew his objection to the prejudicial transcript of Haffey's phone call with his father, failed to obtain and introduce exculpatory evidence, failed to sufficiently prepare the evidence for the jury at trial, argued incompatible defense theories, and was unaware which witness would testify and how.

The Court finds that counsel was within his discretion to employ what he believes is the most effective trial strategy. *Strickland*, 466 U.S. at 689. When evaluating counsel's performance, the Court must make a "strong presumption" that counsel's performance was reasonable. *Id.* Haffey was not prejudiced when the jury was shown the photograph of his bloody hands during deliberations rather than during trial. Counsel's failure to make an opening statement did not make counsel's assistance ineffective. *LaGrand v. Stewart*, 133 F.3d 1253, 1275 (9th Cir. 1998). Whatever incompatible defense theories were employed were made at Haffey's request. These decisions constitute trial strategy, not error, on counsel's

15

part.

### B. DNA Testing and Discovery

#### 1. Lack of Access to Legal materials

Haffey objects to Judge Lynch's findings that his claims of inadequate access to legal resources by the prison should be denied. Haffey argues that, although he had access to a computer with Lexus Nexus at Crossroads Correctional Center, he was denied access to cases from any other circuit outside of the Ninth Circuit and Montana Cases. Haffey argues the State cited cases from the Fifth and Tenth Circuits in their briefs, but Haffey did not have access to those cases. Haffey argues this violates his right to meaningful access to the courts.

Judge Lynch correctly points out that Haffey could have asked for assistance with his legal documents if he so desired. Nothing prevented Haffey from seeking legal assistance. Even Haffey acknowledges the prison has professional legal assistance available, but he claims access to a database does not constitute sufficient access. Although Haffey did file grievances to Crossroads Correctional Center regarding his lack of access to legal materials, he was told to seek assistance for these issues. No evidence shows that he did. The Court thus agrees with Judge Lynch's finding that Haffey had adequate access to legal

materials.

## 2. DNA Testing

Haffey objects to Judge Lynch's finding that his petition for DNA testing was denied on the merits for failure to state a claim. Haffey claims his petition was denied because he submitted the wrong form. Haffey essentially argues that had he used the correct form, his petition would not have been denied.

The Court agrees with Judge Lynch's finding that Haffey's motion for DNA testing under Mont. Code Ann. § 46-21-110 was denied for failure to state a claim. Judge Lynch found that Haffey's petition for DNA was denied because even if the blood testing had yielded the results Haffey desired, that result would not have weighed significantly against his conviction. Judge Lynch found that all claims of actual innocence should be denied, because enough circumstantial evidence shows that Haffey was driving the vehicle when the car struck Nyomo. Judge Lynch further found that Haffey's request for an evidentiary hearing should be denied. This Court agrees.

### C. Certificate of Appealability

Haffey objects to Judge Lynch's finding that a certificate of appealability should be denied. Haffey maintains he is actually innocent and newly conducted

17

DNA testing would demonstrate a direct contradiction of evidence adduced at trial. Judge Lynch found that none of Haffey's claims meet the standard required for appeal. That standard is whether "jurists of reason could disagree with the district court's resolution of the constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Haffey's petition for DNA testing was denied on the merits, but even if Haffey's request had been honored, the blood evidence found in his vehicle would not be significantly probative to show whether he was driving the vehicle when Nyomo was hit.

Further, the trial court properly admitted Haffey's phone conversation with his father and counsel did not err by failing to object to its admission. Despite Haffey's request for counsel to move forward with trial before having the opportunity to secure rebuttal witnesses, counsel performed skillfully in light of the circumstances. Counsel also employed a sufficient reasonable doubt defense, given that Haffey did not tell him the name of the alleged other driver of the vehicle until after trial. Judge Lynch properly determined that a certificate of appealability is not appropriate in this case because reasonable jurists could not

conclude Haffey's claims deserve encouragement to proceed.

Accordingly, IT IS ORDERED:

1. The Petition (docs. 1, 14-1) is DENIED on the merits.

2. Petitioner's motion for a hearing (doc. 19) is DENIED.

3. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability is DENIED.

Dated this 19th day of August, 2013.

Dana L. Christensen, Chief Judge
United States District Court